IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SHELBY INGRAM                                                                                              PLAINTIFF

   v.      Civil No. 6:10-cv-06044

SHERIFF LARRY SANDERS;
and CAPTAIN MEL STEED                                                                       DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

  Plaintiff, Shelby Ingram, a former inmate of the Garland County Detention Center, filed this civil rights action pursuant to 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis*.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2009), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

  Defendants filed a motion to dismiss (ECF No. 8).  Defendants contend Plaintiff failed to exhaust his administrative remedies prior to filing suit in federal court as is required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  I propounded a questionnaire to the Plaintiff (ECF No. 11) to assist him in responding to the motion to dismiss.  Plaintiff filed his response (ECF No. 13) on October 8, 2010.

## I.  BACKGROUND

  The complaint was filed on June 8, 2010 (ECF No. 1).  Plaintiff was granted *in forma pauperis* status that same day (ECF No. 3).

  According to the allegations of the complaint, Plaintiff was housed in a cell without a working commode from August 28, 2007, until the second week of November 2007.  Plaintiff alleges the inmates were on lock-down most of the time and he had a cell-mate who used the commode.

  Because they were on lock-down, Plaintiff indicates they ate their meals in the cell and spent

most of their time in the cell. He asserts that feces and urine were in the commode. He maintains he was treated like an animal.

## II.  DISCUSSION

As noted above, Defendants ask that the case be dismissed for failure to exhaust available administrative remedies. As amended by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) mandates exhaustion of available administrative remedies before an inmate files suit. Section 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

When all claims have not been exhausted, the case is subject to dismissal. *Kozohorsky v. Harmon*, 332 F.3d 1141, 1143-44 (8th Cir. 2003)(Adopting total exhaustion requirement which requires dismissal of mixed petitions (those containing both exhausted and exhausted claims). The burden is on the Defendants to show the Plaintiff did not exhaust all available administrative remedies. *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002). The question that must be answered is whether there was a procedure available. *Id.* at 809. "In deciding a motion to dismiss for failure to exhaust nonjudicial remedies under the PLRA, a district court may look beyond the pleadings and decide disputed issues of fact." *Morton v. Hall*, 599 F.3d 942, 945 (9th Cir. 2010)(internal quotation marks and citation omitted); *see also Bryant v. Rich*, 530 F.3d 1368-1374-75 (11th Cir. 2008)("Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . is not ordinarily the proper subject for summary judgment; instead, it should be raised in a motion to dismiss").

Plaintiff admits the GCDC had a grievance procedure. In fact, he states he submitted multiple grievances and kites about being housed in a cell with no working toilet. (ECF No. 13 at ¶¶ 6-8). He indicates inmates were required to place their grievances at the barracks door. He states most officers and trustees had access to the grievances and could have easily thrown them away. Further, he maintains

the grievance procedure is so disorganized that most grievances are not processed. (ECF No. 13 at ¶ 7). Plaintiff provides the names of a number of witnesses who can verify the problems with the grievance procedure. (ECF No. 13 at pg. 5).

The Defendants have submitted the affidavit of Captain Steed in support of their motion. (ECF No. 8-1). He asserts that he has no recollection of Plaintiff filing any grievances and Plaintiff's jail file contains no grievances relating to the conditions at the GCDC.

Captain Steed does not indicate how inmates obtain grievance forms, who the forms are submitted to, who respond to the grievances, and where the grievances are placed after they are submitted. In fact, he has not set forth the steps of the grievance procedure or indicated if the use of facility forms is mandated by the grievance procedure in existence at the GCDC. Plaintiff has asserted, under penalty of perjury, that he submitted multiple grievances and kites about the non-working toilet and the conditions it caused. In light of the record before me, I cannot say that Plaintiff failed to exhaust his administrate remedies prior to filing suit.

### III.  CONCLUSION

For the reasons stated, I recommend that the motion to dismiss (ECF No. 8) be denied.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of November 2010.

        /s/ Barry A. Bryant
       HON. BARRY A. BRYANT
       UNITED STATES MAGISTRATE JUDGE